C. S. FORVE AND PHILIP FORVE, JR., ADMINISTRATORS, ESTATE OF PHILIP FORVE, SR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27092.   Promulgated September 16, 1930.

*G. O. Carlson, C. P. A.*, and *Frank Mergenthaler, Esq.*, for the petitioners.

*J. Arthur Adams, Esq.*, for the respondent.

#### OPINION.

SEAWELL: This proceeding involves a deficiency in income tax as determined by the Commissioner for 1922 in the amount of $2,273.38 and has for its only issue the question of the fair market value of a note secured by a second-trust deed which was received in the sale of certain property.

The petitioners are the administrators of the estate of Philip Forve, Sr. (hereinafter sometimes referred to as the decedent), who died on August 15, 1923.

In 1922 the decedent sold certain unimproved real estate in Los Angeles, Calif., to one Mattie T. Johnson for the following consideration: (1) Cash, $12,000; (2) the assumption by the purchaser of an existing mortgage of $10,000; and (3) a note of said Mattie T. Johnson dated January 1, 1922, for $10,000, with interest at 7 per cent, secured by a trust deed on the said property subject to the above-mentioned mortgage of $10,000 and payable January 1, 1924.

The property in question was in a section of Los Angeles which had not yet been developed for residential purposes, no streets having been cut through, and neither gas, sewers, nor electricity having yet been made available. The purchaser had no resources, outside of the property itself, with which to satisfy the obligations which were part of the consideration referred to above.

Upon the death of Philip Forve on August 15, 1923, the petitioners, as administrators of his estate, included the note of $10,000 for estate-tax purposes as having a value of $10,000. The said note of $10,000 was paid in full in 1924.

The property in question had been acquired by the decedent in 1919 at a cost of $22,000.

On the foregoing transaction the Commissioner computed a profit of $10,000 and in such determination treated the entire consideration as the equivalent of cash, whereas the petitioners contend that the note of $10,000 referred to above had no readily realizable market value at the date of sale or, in the alternative, if it had a readily realizable market value, such value was less than its face value. While we are not convinced from the evidence presented that the note had no readily realizable market value, we are of the opinion that such value was less than the face value of the note. The fact that a note may not be sold without a substantial discount, or that greater difficulty might be experienced in selling property of this character than some other property, is not proof that the note had no readily realizable market value. However, when we consider the character of the property which was back of the note, the lack of resources on the part of the maker of the note other than the real estate itself, the evidence offered as to the value of the real estate as well as to the discount which would be required in case of a sale of the note, and other evidence of record, we are of the opinion that the fair market value of the note on the date of the sale was not in excess of $6,500. The fact that the note was returned for estate-tax purposes as of August 15, 1923, at a valuation of $10,000 and that the note was paid in full in 1924 is not conclusive of its value at the beginning of 1922.

*Judgment will be entered under Rule 50.*